UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05-CV-177-R

JAMES D. BOND                                                                 PLAINTIFF

v.

DOUGLAS AUTOTECH CORPORATION
and FUJI KIKO CO., LTD.                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on the Defendants, Douglas Autotech Corporation and Fuji Kiko, Co. Ltd., Motions to Dismiss, submitted in Docket #7 and Docket #8, respectively. The Plaintiff, James. D. Bond, has responded to these motions in Dockets #9 & #10, and the Defendants have replied in Dockets #11 & #12, respectively. This motion is now ripe for a decision. For the reasons below, the Defendants' Motions to Dismiss **are DENIED.**

**BACKGROUND**

The Plaintiff, James D. Bond ("Bond") filed a complaint against the Defendants, Douglas Autotech Corporation ("DAC") and Fuji Kiko, Co. Ltd. ("FKK") alleging violations of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e on the basis of national origin or retaliation; the Age Discrimination of Employment Act of 1967, 29 U.S.C. §621 on the basis of age or retaliation; and the Kentucky Civil Rights Act, K.R.S. 344.010 on the basis of age, national origin or retaliation. DAC is a wholly owned subsidiary of FKK. Both corporations are registered in the Commonwealth of Kentucky to conduct business in the state. Bond had been the Plant Manager of the Defendants' Hopkinsville plant for a period of over ten (10) years when he was dismissed in January 2005. Both corporations have filed this Motion to Dismiss under FRCP 12(b)(6).

In DAC's Motion to Dismiss, the Defendant argues that under Federal Rules of Civil Procedure Rules 8(a) and 8(e)(1), the Plaintiff failed in their complaint to provide "short and plain" and "simple, concise and direct" statements.  The Defendant contends that the complaint provides an excessive and unorganized amount of information on the claim and does not fall into the parameters of a short, plain and concise statement for purposes of FRCP 8.  In FKK's Motion to Dismiss, the Defendant not only asserts the argument used by DAC, but also claims that Bond failed to state a claim against FKK to show an interrelation between the parent and subsidiary.  In his responses, the Plaintiff argues that FRCP 8 does not limit the statements within a complaint, but rather sets a minimum pleading for a party.  In addition, the Plaintiff asserts that his complaint contains specific allegations sufficient to maintain a claim for relief, claiming that he has alleged sufficient facts to satisfy FRCP 12(b)(6) by showing that FKK qualifies as a joint employer.  The Defendants replied to the Plaintiff's response.  DAC reasserted its simplified pleading standard to mean that Bond provided too much information in the pleadings.  FKK also made the simplified pleading contention and further argued that although Bond alleged control and involvement by FKK over DAC operations he still did not meet the standard courts have held necessary in order to sustain a complaint under a joint employer theory.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The issues before the Court are whether or not Bond has met the pleading standards of FRCP 8, and whether or not the complaint filed against the Defendants by Bond has alleged sufficient facts for purposes of sustaining an initial complaint against FKK as a joint employer of DAC. The Court will address each of these matters separately.

### *Has Bond met the pleading standards of FRCP 8?*

DAC and FKK assert that Bond has not met the notice pleading requirements of FRCP 8 claiming that Bond has overburdened their ability to respond to the complaint because of the excessive amount of statements and length of his complaint. In pertinent part, the Defendants put forth that FRCP 8(a) requires a pleading in federal court to set forth a claim that:

> shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

In addition, the Defendants also offer FRCP 8(e)(1) that states "[e]ach averment of a pleading shall be simple, concise, and direct...[n]o technical forms of pleading or motions are required."

The Defendants also cite two cases to sustain their argument including a 1999 opinion from the Southern District of Indiana which dismissed a complaint because the factual details spanned too long of a time frame and did not match the causes of action, and a 1942 opinion from the District of Delaware that dismissed a complaint because it had been submitted in a narrative format. *Hardin v. American Electric Power*, 188 F.R.D. 509, 511 (S.D. Indiana 1999); *Anchor Hocking Glass Corporation v. White Cap Co.*, 47 F. Supp. 451, 454 (D. Del. 1942). In *Hardin*, the Court held:

> Motions to strike are generally disfavored because they are seen as tools to delay litigation. See, *e.g.*, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989). However, where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay." *Id*. Therefore, when the pleading is redundant or the statements are immaterial, the court has the power to strike the offending parts. See Fed.R.Civ.P. 12(f); cf. *In re Westinghouse Sec. Litig.*, 90 F.3d at 702 (reviewing district court's decision to dismiss claims under Rule 8 for abuse of discretion). *However, mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant. See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992), *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F.Supp.2d 1006, 1009 (N.D.Ill.1998). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. See *Hoffman-Dombrowski*, 11 F.Supp.2d at 1009.

*Hardin* at 511 (emphasis added). Further, FRCP 8(f) states that when constructing pleadings "[a]ll pleadings shall be construed as to do substantial justice."

In their response the Plaintiffs argue that the Defendants have confused the purpose of FRCP 8. Bond offers the United States Supreme Court case of *Conley v. Gibson*, where Justice Hugo Black held:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

4

> would entitle him to relief...[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff 's claim is and the grounds upon which it rests.

*Conley v. Gibson*, 355 U.S. 41, 45-47.  Bond also cites Wright and Miller, who state that "in the context of a multiparty, multiclaim complaint each claim should be stated as succinctly and plainly as possible even though the entire pleading may prove to be long and complicated by virtue of the number of parties and claims." 5 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, §1217, 246 (3rd ed., 2004).

United States Supreme Court Justice Hugo Black, in a 1937 case, once stated that "[p]leadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938).  In the instant matter, the complaint submitted by the Plaintiff, though perhaps long compared to other complaints, meets the minimum basic standards of the simplified/notice pleading requirement of FRCP 8.  Contrary to what the Defendants contend, FRCP 8 does not explicitly or implicitly state that all pleadings cannot exceed a "short and concise statement," and the Defendants offer no case law that supports their argument.  In *Hardin*, the Court explicitly stated that motions to strike and dismiss are disfavored, and that "mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant (to be stricken)." *Id.*  Here, the Defendants have not alleged any concrete prejudicial effects of the complaint that would in anyway prevent them from responding to the pleadings.  Paragraphs 1-15, and 20-23, plainly set-out the Plaintiff's alleged case against the

Defendants, offering the parties, jurisdiction, venue, facts, causes of action and requests for damages. To grant the Defendant's motion to dismiss simply because the Plaintiff has provided more than enough information to the Defendants goes counter to the purpose of the FRCP 8, which was implemented so that parties would not have to argue their merits in their initial complaint, but merely choose to make a short, simple and concise pleading; exceeding a minimum requirement is not grounds for a dismissal.

Further, in looking at FRCP 8(f), not mentioned by the Defendants in their motions and replies, the entire complaint must be examined in order to find substantial justice when construing the pleadings. The Court feels that despite the fact that the Plaintiff may have submitted too much information, the Defendants have fair notice as to the grounds of the complaint on which Bond's claims rest, as required by the United States Supreme Court holding in *Conley*. In looking at the entirety of the complaint, the Plaintiff has organized it and provided the minimum information necessary so that the Defendants can properly respond to the pleadings without prejudice. Additionally, based upon the facts stated in the complaint, it does not appear beyond a doubt that the Plaintiff has alleged facts that it cannot prove.

Therefore, this Court finds that the Plaintiff has met the pleading requirements of FRCP 8, and the Court denies the Defendants' Motion to Dismiss under FRCP 8.

### *Has the complaint alleged sufficient facts for purposes of sustaining an initial complaint against FKK as a joint employer?*

FKK alleges that Bond's complaint has neither stated a claim against FKK because only an employer may be held liable under Title VII, the ADEA and the KCRA, nor has it stated any facts that lead to the conclusion that FKK and DAC are joint employers for purposes of litigation.

In his response, Bond claims that his complaint contain sufficient allegations to state a claim for relief against FKK as a joint employer, referencing paragraphs 1, 3, 4, 5, 9, 14, 15 and 17 of the complaint. In addition, Bond claims that he has sufficiently alleged control over his employment by FKK, and that he should have not address the merits of the case in his complaint. In its reply FKK reemphasizes its argument that Bond has failed to state a claim against them arguing that Bond has not cited specific facts to show an "interlocking relationship" between FKK and DAC, the parent and the subsidiary, respectively.

As mentioned *supra* by the Defendants, FRCP 8 requires only a short, simple and concise statement of facts that provides the defendant(s) with fair notice of the grounds of the claim in the pleadings, in order to sustain an initial claim in federal court. In the instant matter, the above mentioned paragraphs in Bond's complaint, in particular paragraphs 14, 15, and 17, allege facts that tend to show that FKK may have had control over DAC so much as to qualify as a joint employer for purposes of the complaint. Aside from noting that FKK and DAC have a parent subsidiary relationship, the Plaintiff has submitted links between the two entities that suggest control, and have also put forth facts that demonstrate possible discrimination. Specifically, Paragraph 14 states that FKK assigned Mr. Takeji Ito ("Ito") as Executive Vice President of DAC, who, according to Paragraph 15, confirmed the termination of Bond after submitting the idea to FKK. Paragraph 17 states instances where Ito may have made statements that potentially show a basis of discrimination, including age and ethnicity. These statements give the Defendants fair notice that Bond has brought this complaint based upon those facts submitted. The Plaintiff correctly points out that at this point in the litigation, Bond need not argue the merits of the claim, but simply put forth in the pleadings the facts of the case, the charges made,

7

and the grounds supporting those charges based upon the facts. Though discovery in this matter may reveal discrepancies in Bond's complaint in regards to how much of a role FKK played in his employment and eventual termination, for purposes of the pleading the Plaintiff has met the burden of FRCP 8.

Therefore, this Court finds that the Plaintiff has alleged sufficient for sustaining a claim against FKK as a joint employer in the pleadings, and the Court denies Defendant Fuji Kiko's FRCP 12(b)(6) motion for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss are **DENIED**.

An appropriate order shall issue.